UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
|   CASSANDRA L MINNICH | : |
|     Debtor | :   CHAPTER 13 |
| | : |
| JACK N. ZAHAROPOULOS | : |
| STANDING CHAPTER 13 TRUSTEE | : |
|     Movant | :   CASE NO. 1-25-bk-00777 |
| | : |
| CASSANDRA L MINNICH | : |
|     Respondent | : |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 29th day of April 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. §1322(a)(1) and §1325(b) in that the Debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and therefore avers that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

   a. Plan payment calculation sum of Lines 34, 35, 36 and 45.
   b. Health care. Trustee requests verification of the amount on Lines 7 and 22.
   c. Plan payment is less thank the monthly disposable income on Line 45.

Trustee alleges and therefore avers that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

   a. Retirement loan. Trustee requests verification of same.

2. Debtor(s)' Plan violates 11 U.S.C. §1322(a)(2) in that Debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. §507, specifically, the IRS priority claim.

3. Failure to properly state the liquidation value in Section 1B of the Plan.

4. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test.

5. Debtor(s) Plan violates 11 U.S.C. §1325(a)(3) in that it has not been proposed in good faith. Debtors are retaining a travel trailer at the expense of their unsecured creditors.

6. Debtor(s)' Plan violates 11 U.S.C. §1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor has access to non-exempt equity in the following:

   a. Property held as tenants by the entireties to the extent of joint claims.

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of Debtor(s)' Plan.
   b. Dismiss or convert Debtor(s)' case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Agatha R. McHale
Attorney for Trustee

## CERTIFICATE OF SERVICE

       AND NOW, this 29th day of April 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

GREGORY S. HAZLETT, ESQUIRE
7 WEST MAIN STREET
MECHANICSBURG, PA 17055-

                                              /s/Tammy Life
                                              Office of Jack N. Zaharopoulos
                                              Standing Chapter 13 Trustee