UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
    CASSANDRA L. MINNICH, : CHAPTER 13
        Debtor(s) :
     :
    JACK N. ZAHAROPOULOS, :
    CHAPTER 13 TRUSTEE, :
        Movant :
     :
    vs. :
     :
    CASSANDRA L. MINNICH, :
        Respondent(s) : CASE NO. 1:25-bk-00777-HWV

### TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN

    AND NOW, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, and objects to confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

    1.    Debtor(s)' Plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that Debtor(s) has/have not submitted all or such portion of the disposable income to Trustee as required. More specifically,

    Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amount(s):

    a. Plan payment calculation sums of Lines 34, 35, 36, and 45.
    b. Line 33. Cannot include claim that is paid via the Plan.
    c. Line 34 arrears are incorrect. Only $183.51 total or $3.06 per month.

    2.    Failure to properly state the liquidation value in Section 1.B. of the Plan. The Trustee calculates it at $20,381.00.

    3.    Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Mean Test.

    4.    Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

    a. The Plan is underfunded relative to claims to be paid – 100% plan. The Plan must pay $86,148.85 in order to be properly funded.
    b. Plan ambiguous as to the term and base amount.

WHEREFORE, Trustee alleges and avers that the Plan cannot be confirmed, and therefore, Trustee prays that this Honorable Court will:

a. deny confirmation of Debtor(s)' Plan;
b. dismiss or convert Debtor(s)' case; and
c. provide such other relief as is equitable and just.

Dated: September 8, 2025

Respectfully submitted:

/s/ Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder, Esquire
Attorney for Trustee

CERTIFICATE OF SERVICE

       I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Gregory S. Hazlett, Esquire
7 West Main Street
Mechanicsburg, PA 17055

Dated: September 8, 2025

/s/ Matthew Harnsberger, Legal Assistant
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee

Case 1:25-bk-00777-HWV     Doc 29     Filed 09/08/25     Entered 09/08/25 09:52:18     Desc
Main Document     Page 3 of 3